UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUDISNEY ARANGUREN LEAL,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2504

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Center located in Battle Creek, Calhoun County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.)

In an Order entered on September 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the August 17, 2026, bond hearing on September 10, 2026. (Resp., ECF No. 6; Recording of Aug. 17, 2026, Bond Hearing, filed on Sept. 10, 2026.) Petitioner filed two letters, (ECF Nos. 8, 9), on September 11 and September 17, 2026, which are construed as his reply.

## II. Relevant Factual Background

Petitioner is a citizen of Cuba who entered the United States in 2022. (2022 Form I-213, ECF No. 6-1, PageID.34.) On July 2, 2026, Petitioner was arrested by ICE in Coldwater, Michigan. (2026 Form I-213, ECF No. 6-2, PageID.37.)

On August 17, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 6-3, PageID.42.) In the written order following the hearing, the Immigration Judge denied Petitioner's request for bond, stating: "Flight Risk." (*Id.*)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge improperly denied his bond request. (Pet., ECF No. 1, PageID.7.) Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 24, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge